# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IRMA TAPIA,

      Plaintiff,

vs.                                            CIV No. 98-964 JP/DJS

ALBERTSON'S, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On June 9, 1999, Plaintiff filed a "Motion to Amend Complaint" under FED. R. CIV. P. 15(a) (Docket. No. 31) together with a supporting Memorandum, Defendant's Response, and Plaintiff's Reply. After considering these documents and the applicable law, I conclude that Plaintiff's motion should be denied in part and granted in part.

**I.    LEGAL STANDARD**

Rule 15(a) provides that "a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend under FED. R. CIV. P. 15(a) is within the discretion of the trial court, although it is an abuse of discretion to deny a motion to amend without providing justification. *Id*.

## II. BACKGROUND

On August 10, 1998, Irma Tapia filed suit against her employer, Albertson's, Inc., for disability discrimination in violation of 42 U.S.C. §§ 2000e and 12117.[1] Under the Provisional Discovery Plan approved by the parties, the deadline to amend the pleadings was December 18, 1998. (Resp. at 1.) The cutoff date for discovery was May 14, 1999 and the trial is currently scheduled to begin November 1, 1999. *Id.*

On June 9, 1999, Plaintiff Tapia submitted a Motion to Amend Complaint. She seeks to add an allegation that after she filed her Complaint Defendant wrongfully terminated her employment because of her disability and because she had brought suit against Defendant. Additionally, Plaintiff seeks to allege that her termination gave rise to a cause of action under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and another cause of action for intentional infliction of emotional distress.[2] (Plaintiff's Reply at 1 and 4.)

Defendant argues Plaintiff's motion should be denied because it is untimely and will cause undue prejudice to Defendant.

## III. DISCUSSION

Leave to amend pleadings is to be "freely given when justice so requires" and should only be denied upon justification. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, possible

---

[1] Plaintiff originally filed this suit jointly with Opal Tidwell, also an employee of Albertson's, Inc., who was alleging gender discrimination. On January 12, 1999, this Court ordered that the Complaint be severed and the Plaintiffs assert their respective claims in separate causes of action.

[2] Plaintiff alleged severe emotional distress in her original discrimination claim. (Complaint ¶ 17.) She appears to be seeking to assert an additional claim of intentional infliction of emotional distress on the basis of the wrongful termination.

justifications for denying Plaintiff's Motion to Amend include untimeliness, undue prejudice, and futility of amendment.³

**A. Timeliness of Motion**

The Tenth Circuit has repeatedly stated that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). An important factor in determining whether a motion to amend is untimely is whether "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original Complaint." *Id.* at 1185 (quoting *State Distributions v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

In this case, Plaintiff did not discover that Defendant had terminated her employment until after she had filed her original Complaint and after the agreed upon deadline for filing amendments had passed. At the time the suit was filed, Plaintiff believed she was on an involuntary extended leave of medical absence. In January 1999, when Plaintiff called to inquire about a direct deposit made into her account, Defendant's payroll department informed her that she had been terminated effective December 5, 1998. (Reply at Ex. A.) However, Plaintiff did not receive written notice of termination from Defendant until March 1999, during the course of written discovery. (Reply at 1, 3, and Ex. B., Employee Status Report, dated August 25, 1998.) Because Plaintiff did not discover the fact of her termination until after she had filed her

---

³Defendant has not raised the issue of futility in its Response. However, I have addressed it because it does not appear that the facts as alleged in Plaintiff's complaint and Motion to Amend can support a FMLA claim under any circumstances.

3

Complaint, the next question is whether the time that elapsed between the discovery of termination and Plaintiff's filing of her Motion to Amend was excessive.

The Tenth Circuit has upheld denials of motions to amend where approximately a year and a half had passed since the original filing of the complaint. *See*, *e.g.*, *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (upholding denial of motion to amend filed seventeen months after filing of original complaint); *Las Vegas Ice*, 893 F.2d at 1185 (upholding denial of motion to amend filed one and a half year after complaint). Where much less time has elapsed, the Tenth Circuit has upheld the denials when there was no explanation for delay, no new evidence was offered, or circumstances indicated dilatory behavior on the part of the movant. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (holding that denial of motion to amend filed four and a half months after deadline to amend pleadings was not abuse of discretion where there was no adequate explanation for delay, no new evidence was offered, and decision not to include the claim in the original complaint was a strategic one); *Pallottino v. City of Rio Rancho, et al.*, 31 F.3d 1023, 1027 (10th Cir. 1994) (upholding denial of motion to amend filed eight months after original filing because amendment was based on evidence available at the time of filing and plaintiff did not choose to advance the new theory until primary theory had been dismissed); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (upholding denial of motion to amend where sole justification for belated request was that prior counsel had failed to conduct any substantive discovery).

The present case is distinguishable from each of these earlier cases. Plaintiff filed the Motion to Amend only three months after receiving official notice of termination from Defendant in the form of an Employee Status Report, which she received during written discovery.

4

Plaintiff's motion was based on new evidence, the Employee Status Report, that had not been made available to Plaintiff when she filed the original Complaint. Unlike the movants in *Frank* and *Pallottino*, Plaintiff did not omit the new claims from her original Complaint as a strategic decision. Additionally, unlike the movant in *Ansam*, Plaintiff did not fail to conduct substantive discovery. Indeed, Plaintiff received official notice of termination in the process of discovery.

Finally, Plaintiff was not dilatory in failing to amend her Complaint immediately after receiving unofficial notice of termination from Defendant's payroll department in January 1999. This was an ad hoc conversation, and the information from the payroll department as to the date of termination appears to have been incorrect. The Employee Status Report, dated fifteen days after this suit was initiated, gives January 1, 1998 as the date of Plaintiff's termination.[4] Thus, the only effect of the conversation with the payroll department was to put Plaintiff on notice to investigate her employment status. However, Plaintiff could not clarify the circumstances of her termination until she had deposed several of Defendant's employees and managers as to her employment status, the reasons for her termination, and company policy regarding the return from medical leave. The contradictory answers derived from these depositions, taken in April and May of 1999, revealed that Plaintiff had possible claims stemming from wrongful termination. Accordingly, Plaintiff filed the Motion to Amend in June 1999. Under these circumstances, it cannot be said that Plaintiff's Motion to Amend was so untimely and dilatory that denial of her Motion to Amend in its entirety is justified on the grounds of untimeliness.

---

[4]Neither Plaintiff nor Defendant has addressed the issue of this backdated Employee Status Report. If Plaintiff was actually terminated in January 1998, the termination could not have been in retaliation for Plaintiff's suit (though it could still have been a wrongful termination, if based on Plaintiff's disability). However, the report is dated August 25, 1998. This indicates that either Plaintiff was terminated in August 1998 effective January 1998 or that Defendant actually intended to give January 1999 as the date of termination.

However, the court does conclude that the Motion to Amend is untimely as to a FMLA claim that Plaintiff may be attempting to assert. Although it is unclear, Plaintiff might intend to argue that her demotion and loss of benefits were prohibited under § 2614 of the FMLA. Section 2614(a)(1) provides that an eligible employee who takes leave under §2612 is entitled to be restored to his or her original position of employment or an equivalent position, on return from such leave. Furthermore, § 2614(a)(2) provides that the taking of leave under § 2612 will not result in the loss of any accrued employment benefits. Even if position and benefits are protected beyond the allowed twelve workweeks, this does not help Plaintiff. Plaintiff's demotion and loss of benefits were known to her before the original Complaint was filed, and Plaintiff could have presented a claim under the FMLA for demotion and loss of benefits in the original Complaint. (Complaint ¶ 11 and 17.) Any request to add such a claim now is untimely.

**B. Undue Prejudice**

The Tenth Circuit has held that denial of a Motion to Amend is justified as unduly prejudicial to the defendant in the following circumstances: where a plaintiff raises a unique or rare claim immediately before trial; where a plaintiff raises a claim that could have been included in the original complaint; where the amended complaint requires different elements of proof; or where many key individuals would have to be deposed again. *See*, *e.g.*, *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (upholding denial of motion to amend where the plaintiff sought to add a new claim three weeks before trial and the court concluded that plaintiff's claim was unique under the facts of the case and could prejudice the defendant); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (upholding denial of motion to amend where the

plaintiff raised a claim that could have been included in the original complaint); *State Distributions, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 417 (10th Cir. 1984) (upholding denial of motion to amend that required different elements of proof and that involved different questions of fact and law); *McKnight v. Kimberly Clark Corp.*, 199 F.3d 1125, 1130 (10th Cir. 1998) (upholding denial of motion to amend because many key individuals would have to be deposed again).

Alternatively, the Tenth Circuit has refused to find undue prejudice where the defendant was not surprised by the facts underlying the amendment. *See Yaffe Iron & Metal Co. Inc. v. U.S. Envtl. Protection Agency*, 774 F.2d 1008, 1013 (10th Cir. 1985) (holding no prejudice where the plaintiff was permitted to amend misdated violations in complaint because the defendant knew the real dates of the violations); *Metropolitan Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971) (holding no abuse in discretion in permitting the plaintiff to add three corporate defendants where it was clear from the outset that they were the real parties in interest).

None of the prejudicial circumstances described above apply here. The causes of action Plaintiff Tapia seeks to add are common and relatively noncontroversial today. Plaintiff did not learn of her termination until after the original Complaint had been filed. Admittedly, Plaintiff's proposed amendments will require different elements of proof and the examination of different questions of fact and law. However, "there is invariably some practical prejudice resulting from an amendment," and "this is not the test for refusal of an amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). In *Patton*, the court held that the defense was not prejudiced because the motion to amend was granted several months before trial, and because it was "more likely that

7

substantial justice would have suffered had the Motion to Amend been denied." *Id.* Likewise, in the present case the Motion to Amend has been made several months before trial, and injustice is more likely to occur if the motion is denied than if it is granted. Finally, Defendant had only deposed Plaintiff and her husband by the time Plaintiff filed the Motion to Amend, so Defendant will not be forced to depose "many key individuals" again. (Reply at 5.)

Furthermore, Defendant cannot claim surprise as to the proposed amendments. Defendant not only knew about Plaintiff's termination, but it also knew that written notice of termination had been delayed for seven to fourteen months[5] and that Plaintiff had been given inconsistent information about the date of termination. Therefore, both the cause of action and its probable delay were known to Defendant. Additionally, it should not have been surprising to Defendant that a wrongful discharge termination claim could give rise to other claims, such as for violations of the FMLA and for intentional infliction of emotional distress.

## C. Futility of Amendment

On several occasions, the Tenth Circuit has denied amendments as futile where the amendment does not state a claim for relief. *See Schepp v. Freemont County, Wyo.*, 900 F.2d 1448, 1453 (10th Cir. 1990) (holding that a motion to amend to add a defendant with absolute immunity was properly denied because it was futile); *Bauchman v. Western High School*, 132 F.3d 542, 559 (10th Cir. 1997) (holding no abuse of discretion in denying motion to amend as futile where the new claim was not, in essence, different from the previous claim dismissed for

---

[5] The date of actual termination is unclear. See n. 4, supra. If Plaintiff was actually terminated in August 1998, notice was delayed for seven months. If, however, Plaintiff was actually terminated in January 1998 (as opposed to effectively terminated by backdating), notice was delayed for fourteen months.

8

failure to state a claim).

Here, Plaintiff's claim under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, does not state a claim for relief insofar as it is based on the newly discovered fact of termination. Section 2612(a)(1)(D) of the FMLA provides that an eligible employee shall be entitled to a total of twelve workweeks of leave during a twelve-month period for a serious health condition that makes the employee unable to perform the functions of the position of that employee. However, deposition testimony attached to Plaintiff's Reply (Ex. D, p. 71, ll. 6-9) indicates that because of a health problem Plaintiff had not worked since about May 1997. Therefore, Plaintiff would have already received and exceeded the twelve weeks of leave she was entitled to, whether she was terminated on January 1, 1998, December 5, 1998, or January 1, 1999. Under these circumstances, termination would not have been prohibited by the FMLA.

## IV. CONCLUSION

Plaintiff's Motion to Amend to add claims of wrongful termination and intentional infliction of emotional distress should be granted because these claims are neither untimely nor prejudicial to Defendant. The proposed claims based on violation of the FMLA should be denied because they are untimely or futile.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion to Amend is GRANTED as to adding claims for wrongful termination and intentional infliction of emotional distress.

(2) Plaintiff's Motion to Amend is DENIED as to adding claims based on violation of

the Family Medical Leave Act.

(3) Plaintiff must file and serve her Amended Complaint, as permitted by this Order, not later than July 28, 1999.

_____
UNITED STATES DISTRICT JUDGE